NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOLLY L. BEST, | No. 18-35088 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-06040-RAJ |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted June 5, 2020[**]
Seattle, Washington

Before: GOULD, BEA, and MURGUIA, Circuit Judges.

Holly Best appeals the district court's affirmance of the Social Security Commissioner's denial of her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Although the Administrative Law Judge ("ALJ") concluded that Best was disabled after proceeding through the five-step evaluation process, the ALJ denied Best's application because the ALJ found that her alcohol and opioid use were contributing factors material to her disability. *See* 42 U.S.C. § 423(d)(2)(C). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's affirmance of an ALJ's denial of social security benefits de novo and the ALJ's decision for substantial evidence and legal error. *Garrison v. Colvin*, 759 F.3d 995, 1009–10 (9th Cir. 2014). We affirm.

1.      Best challenges the ALJ's finding that her fibromyalgia was not a severe medically determinable impairment, the ALJ's alleged failure to develop the record regarding her fibromyalgia, and the ALJ's decision to discount her testimony regarding her fibromyalgia as not credible. Best waived these arguments by failing to raise them in the district court. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

2.      Substantial evidence supports the ALJ's finding that Best's substance abuse was a contributing factor material to her disability. Best's examining psychologist, Dr. Alysa Ruddell, opined that Best's mental impairments were "primarily the result of alcohol or drug use within the last 60 days" of her mental status examination. Best's other treatment providers found that Best's grief was "exacerbated by her substance use" and that her self-harm and suicidal ideation were

"primarily related to her substance use." Drs. Michael Brown and Thomas Clifford, both non-examining medical consultants, also opined that Best's substance abuse was material to her disability. During limited periods of sobriety, Best appeared to improve and have mild to moderate mental limitations, which were otherwise accounted for in the ALJ's residual functional capacity ("RFC") assessment and by restricting Best to light, entry-level work that required only occasional adaptation to change in routine.

3. The ALJ did not err by failing to fully credit the opinion of Best's examining psychologist, Dr. Ruddell. Although Dr. Ruddell opined that Best had several "marked" limitations, Dr. Ruddell found they were "primarily the result of alcohol or drug use within the last 60 days." Dr. Ruddell's opinion is therefore consistent with the ALJ's conclusion that substance abuse was material to Best's disability.

4. The ALJ did not err by discounting Best's Global Assessment of Functioning ("GAF") scores. The ALJ correctly noted that a GAF score is merely "a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment"; it does not have any direct correlative work-related or functional limitations. *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

5.     The ALJ did not err by discounting Best's pain and limitations testimony. The ALJ proffered specific, clear, and convincing reasons supported by substantial evidence for discounting Best's testimony, including that Best failed to follow her treatment providers' prescribed course of treatment, her daily activities were inconsistent with the alleged degree of her disability, and she made inconsistent statements to treatment providers about her substance abuse. *See Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012); *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002).

6.     The ALJ did not err by discounting the lay testimony of Best's mother, Linda Best ("Linda"). The ALJ provided two germane reasons for discounting Linda's testimony. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). First, Linda's testimony was based on Best's subjective complaints, which the ALJ found were not credible. Second, Linda's testimony did not address Best's substance abuse and thus was not relevant to the ALJ's determination that Best's substance abuse was material to her disability.

7.     The ALJ did not err in assessing Best's RFC or in posing hypothetical questions to the vocational expert. The RFC and hypothetical questions properly included only those limitations the ALJ found credible and supported by substantial evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Batson v. Comm'r*, 359 F.3d 1190, 1197 (9th Cir. 2004). Because the ALJ did not err in

4

assessing Best's RFC, the ALJ did not err in using it as the foundation for steps four and five of the sequential evaluation process.

**AFFIRMED.**